UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LOVE-LESS ASH COMPANY, INC. d.b.a. DUSTLESS TECHNOLOGIES, a Utah corporation; and DUSTLESS DEPOT, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ASIA PACIFIC CONSTRUCTION, LLC; TOOL4STONE; TOOLSMART POWER AND ABRASIVE TOOLS INC. a/k/a POWER AND ABRASIVE TOOLS STORE; KYLE CRANFILL, an individual; PAUL FISHBACH, an individual doing business as DEALSDIRECT-CA; TAOUFIK EL HADDAR, an individual doing business as NYVOSCOMPUTERS; POLISHING ABRASIVE TOOLS MART INC; CANXIN LEI, an individual; AIWEN PAN, an individual; and KA YEE WONG, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING EX PARTE MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT AIWEN PAN (DOC. NO. 84)**<br><br><br>Case No. 2:18-cv-00595-CW-DAO<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiffs' Ex Parte Motion for Alternative Service of Process on Defendant Aiwen Pan Pursuant to Rule 4(f)(3) ("Mot.," Doc. No. 84). Plaintiffs seek leave to serve Mr. Pan, an individual believed to reside outside the United States, by email and by mail to the registered agent address for an affiliated business. For the reasons explained below, the court GRANTS the motion.

1

As set forth in the motion and supporting declaration and exhibits, Mr. Pan is listed in business registration records as the manager and a member of Defendant Asia Pacific Construction, LLC, and the registered agent for Defendant Polishing Abrasive Tools Mart Inc., both of which have been served in this case. (Mot. 2–3, Doc. No. 84; Decl. of Perry S. Clegg ("Clegg Decl.") ¶¶ 9(a), 14, Doc. No. 84-1; Exs 1–2 to Clegg. Decl., Doc. No. 84-1 at 6–10.) Plaintiffs attempted to obtain an address and other contact information for Mr. Pan from another defendant, Canxin Lei, and through third party discovery and online searches. (Clegg Decl. ¶¶ 4–6, Doc. No. 84-1.) Based on information from these sources, Plaintiffs believe Mr. Pan resides outside the United States. (*Id.* ¶ 7.) Plaintiffs obtained a Chinese address for Mr. Pan from business registration records for Asia Pacific Construction, LLC. (*Id.* ¶ 12.) However, Plaintiffs do not believe this address is reliable because it is the address of a hotel, and Plaintiffs' counsel has been unable to confirm Mr. Pan resides there despite numerous attempts to call the hotel. (*Id.* ¶¶ 12–13.) The only other addresses Plaintiffs discovered associated with Mr. Pan were the Louisiana registered agent address for Asia Pacific Construction and the Colorado registered agent address for Polishing Abrasive Tools Mart Inc. (*Id.* ¶ 14.) Plaintiffs also obtained two email addresses from Mr. Lei: a contact email for Mr. Pan (toolsmart99@yahoo.com) and a contact email for Asia Pacific Construction, LLC (stadeapolisher@yahoo.com). (*Id.* ¶ 9(a).)

Plaintiffs seek leave to serve Mr. Pan by email to his individual email address provided by Mr. Lei and by mail to the Louisiana registered agent address of Asia Pacific Construction, LLC, the business for which Mr. Pan is the manager and a member.[1] (Mot. 7–8, Doc. No. 84.)

---

[1] Although Mr. Pan is also the registered agent for Defendant Power Abrasive Tools Mart Inc., Plaintiffs do not seek leave to serve Mr. Pan at that entity's registered agent address in Colorado. Plaintiffs indicate their process server previously made numerous unsuccessful attempts to serve

2

Plaintiffs assert Mr. Pan is likely aware of this action as a result of service on the two affiliated businesses, and because Mr. Lei's counsel informed Plaintiffs' counsel that documents Mr. Lei produced were obtained from Mr. Pan after Mr. Lei reached out to Asia Pacific Construction, LLC "for help in defending this lawsuit." (*Id.* at 3; Clegg Decl. ¶ 15, Doc. No. 84-1.)

Rule 4(f) of the Federal Rules of Civil Procedure governs service of an individual outside the United States. This rule permits such individuals to be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Courts interpreting Rule 4(f) have concluded it does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2) before seeking service under Rule 4(f)(3). *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *The Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *8 (D. Utah Oct. 29, 2020) (unpublished).

The relevant inquiry under Rule 4(f)(3) is whether the requested method of service is "prohibited" by international agreement, including the Hague Convention. *Compañía De Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020); *Rio Props.*, 284 F.3d at 1015 n.4; *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *9. Here, Plaintiffs request leave to complete service by email and mail to an

---

Polishing Abrasive Tools Mart Inc. at the Colorado address, and ultimately resorted to service by mail as permitted under Colorado law. (Clegg Decl. ¶ 11, Doc. No. 84-1.)

affiliated business within the United States. The Hague Convention does not expressly prohibit service by email, and courts in this district and other jurisdictions have permitted service by email under Rule 4(f)(3).[2] *See The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572 JSW, 2007 U.S. Dist. LEXIS 31299, at *5–6 (N.D. Cal. April 17, 2007) (unpublished). Likewise, the Hague Convention does not apply to service effected domestically within the United States, where no documents would be transmitted abroad. *See In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 267 (S.D.N.Y. 2012) (permitting alternative service of an individual residing in China under Rule 4(f)(3) via service on the registered agent and counsel of an affiliated business in the United States). Thus, the methods of service requested by Plaintiffs are not prohibited by international agreement under Rule 4(f)(3).

A method of service authorized under Rule 4(f)(3) must comport with constitutional notions of due process, meaning it must be "reasonably calculated to provide notice and an opportunity to respond." *The Neck Hammock, Inc.*, 2020 U.S. Dist. LEXIS 202808, at *11–12 (quoting *Rio Props.*, 284 F.3d at 1017). Based on the evidence presented with Plaintiffs' motion, service by both email to Mr. Pan and mail to the registered agent of Asia Pacific Construction, LLC is reasonably calculated to provide Mr. Pan with notice of this action and an opportunity to respond. Plaintiffs have presented evidence that Mr. Pan is a manager and member of Asia

---

[2] China has objected to Article 10 of the Hague Convention, which permits service "by postal channels, directly to persons abroad" only if the "State of destination does not object." 20 U.S.T. 361, art. 10(a); Hague Conference on Private International Law website, https://www.hcch.net/en/instruments/conventions/status table/notifications/?csid=393&disp=resdn (translation of China's declaration of opposition to Article 10). Courts are split as to whether a country's objection to Article 10(a) is an objection to service by email, but the majority have concluded it does not equate to an objection to email service. *The Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *10 (D. Utah Oct. 29, 2020) (unpublished).

Pacific Construction, LLC, and that Mr. Pan responded when another defendant, Mr. Lei, contacted this entity about this lawsuit. Service by mail to this entity's registered agent, in combination with service to Mr. Pan's email address obtained from Mr. Lei, is reasonably calculated to provide Mr. Pan actual notice of this action. Accordingly, service via the requested methods comports with due process as required under Rule 4(f)(3). Additionally, the court will require service by email to the email address for Asia Pacific Construction, LLC provided by Mr. Lei.

For these reasons, the court GRANTS Plaintiffs' motion for alternative service of process on Mr. Pan (Doc. No. 84) and ORDERS that Mr. Pan may be served as follows:

1. By mailing the summons, the operative complaint, and a copy of this order to Mr. Pan at the Louisiana address of the registered agent of Asia Pacific Construction, LLC; and

2. By sending the summons, the operative complaint, and a copy of this order to Mr. Pan at the following email addresses three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received from Mr. Pan acknowledging receipt of service):
   toolsmart99@yahoo.com
   stadeapolisher@yahoo.com

3. Upon completion of these steps, Plaintiffs shall file proof of compliance with the court's order.

DATED this 21st day of June, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge