UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LOVE-LESS ASH COMPANY, INC. d.b.a. DUSTLESS TECHNOLOGIES, a Utah corporation; and DUSTLESS DEPOT, LLC, a Utah limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ASIA PACIFIC CONSTRUCTION, LLC; TOOL4STONE; TOOLSMART POWER AND ABRASIVE TOOLS INC. a/k/a POWER AND ABRASIVE TOOLS STORE; KYLE CRANFILL, an individual; PAUL FISHBACH, an individual doing business as DEALSDIRECT-CA; TAOUFIK EL HADDAR, an individual doing business as NYVOSCOMPUTERS; POLISHING ABRASIVE TOOLS MART INC; CANXIN LEI, an individual; AIWEN PAN, an individual; and KA YEE WONG, an individual,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTIONS FOR ALTERNATIVE SERVICE ON DEFENDANTS KA YEE WONG, TAOUFIK EL HADDAR, AND PAUL FISHBACH (DOC. NOS. 85 & 86)**<br><br>Case No. 2:18-cv-00595-CW-DAO<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Daphne A. Oberg |

Before the court are Plaintiffs' Ex Parte Motion for Alternative Service of Process on Defendant Ka Yee Wong Pursuant to Rule 4(f)(3) ("Mot. re Def. Wong," Doc. No. 85) and Ex Parte Motion for Alternative Service of Process on Defendants Taoufik El Haddar and Paul Fishbach Pursuant to Rule 4(f)(3) ("Mot. re Defs. Haddar and Fishbach," Doc. No. 86). Plaintiffs believe these defendants reside outside the United States, and Plaintiffs seek leave to

serve each of them by email and/or mail.  For the reasons set forth below, the motions are DENIED without prejudice.

Rule 4(f)(3) of the Federal Rules of Civil Procedure permits individuals outside the United States to be served "by other means not prohibited by international agreement, as the court orders."  A method of service authorized under Rule 4(f)(3) must comport with constitutional notions of due process, meaning it must be "reasonably calculated to provide notice and an opportunity to respond."  *The Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *11–12 (D. Utah Oct. 29, 2020) (unpublished) (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017 (9th Cir. 2002)).

Plaintiffs fail to provide sufficient information to permit a finding that the requested methods of service are reasonably calculated to provide notice of this action to Ka Yee Wong, Taoufik El Haddar, and Paul Fishbach.  Plaintiffs seek to serve Mr. Wong via email to Mr. Wong and mail to the registered agent for Defendant Polishing Abrasive Tools Mart Inc.  (Mot. re Def. Wong 3, Doc. No. 85.)  Plaintiffs assert they have "learned through third-party discovery that [Mr.] Wong's name is affiliated with the accounts of several Defendants for whom Plaintiffs have an address within the United States, including Defendant Polishing Abrasive Tools Mart Inc."  (*Id.*; *see also* Decl. of Perry S. Clegg ("Clegg Decl.") ¶ 10, Doc. No. 84-1.)  However, Plaintiffs do not provide further information or evidence regarding the nature of the alleged "affiliation" between Mr. Wong and this entity.  Their allegation of an unspecified affiliation is insufficient to support a finding that mail to this entity's registered agent will be reasonably likely to provide notice to Mr. Wong.  Regarding email service, Plaintiffs state they obtained an email address for Mr. Wong from another defendant, Canxin Lei.  (Clegg Decl. ¶¶ 8, 9(b), Doc. No. 84-1.)  But they do not provide any further information or evidence showing this is an active,

recently used email address for Mr. Wong. The information provided is insufficient to show either of the proposed methods of service are likely to provide notice to Mr. Wong of this action.

Plaintiffs seek to serve Mr. Fishbach by email and mail, and Mr. Haddar by email only. (Mot. re Defs. Haddar and Fishbach 3–4, Doc. No. 86.) They state they learned these defendants' email addresses "through third-party discovery," without providing further information regarding how they obtained the email addresses or whether they are active, recently used email addresses for Mr. Fishbach and Mr. Haddar. (Clegg Decl. ¶¶ 9(c), (d), Doc. No. 84-1.) Without further information, the court cannot conclude service by email is likely to provide notice to these defendants. Regarding service by mail to Mr. Fishbach, Plaintiffs state only that they received a report from a private investigator with "new address information for Mr. Fishbach in Hamilton, Ontario, Canada that is believed to be current." (*Id.* ¶ 17.) They do not explain how their investigator obtained the address or the basis for their belief the address is current. Thus, Plaintiffs have failed to show mail to this address is reasonably calculated to provide notice to Mr. Fishbach.

For these reasons, the court DENIES Plaintiffs' motions for alternative service on Mr. Wong, Mr. Haddar, and Mr. Fishbach (Doc. Nos. 85 & 86) without prejudice. If Plaintiffs are able to provide additional information and evidence supporting a request for alternative service under Rule 4(f)(3), Plaintiffs may file new motion(s). Any new motion(s) for alternative service must be filed within fourteen (14) days of this order.

DATED this 21st day of June, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge