UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LOVE-LESS ASH COMPANY, INC. d.b.a. DUSTLESS TECHNOLOGIES, a Utah corporation; and DUSTLESS DEPOT, LLC, a Utah limited liability company,<br><br>            Plaintiffs,<br><br>v.<br><br>ASIA PACIFIC CONSTRUCTION, LLC; TOOL4STONE; TOOLSMART POWER AND ABRASIVE TOOLS INC. a/k/a POWER AND ABRASIVE TOOLS STORE; KYLE CRANFILL, an individual; PAUL FISHBACH, an individual doing business as DEALSDIRECT-CA; TAOUFIK EL HADDAR, an individual doing business as NYVOSCOMPUTERS; POLISHING ABRASIVE TOOLS MART INC; CANXIN LEI, an individual; AIWEN PAN, an individual; and KA YEE WONG, an individual,<br><br>            Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING RENEWED EX PARTE MOTION FOR ALTERNATIVE SERVICE OF PROCESS ON DEFENDANT KA YEE WONG PURSUANT TO RULE 4(f)(3) (DOC. NO. 92)**<br><br>Case No. 2:18-cv-00595-CW-DAO<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiffs' Renewed Ex Parte Motion for Alternative Service of Process on Defendant Ka Yee Wong to Rule 4(f)(3), ("Mot.," Doc. No. 92). Plaintiffs seek leave to serve Mr. Wong, an individual believed to reside outside the United States, by email. For the reasons explained below, the court GRANTS the motion.

1

## BACKGROUND

Plaintiffs previously sought to leave to serve Mr. Wong by email and by mail to the registered agent for Defendant Polishing Abrasive Tools Mart Inc. (Mot. for Alt. Service ("Original Mot."), Doc. No. 85.) The court denied the motion without prejudice because Plaintiffs failed to establish with specificity the affiliation between Mr. Wong and Defendant Polishing Abrasive Tools Mart Inc., and failed to submit other evidence supporting a finding that service by mail to this entity's registered agent would be reasonably likely to provide notice to Mr. Wong. (Order, Doc. No. 89.) The court also observed that Plaintiffs did not provide information showing the email for Mr. Wong was an active or recently used email address. (*Id.*) This renewed motion followed, which incorporates by reference Plaintiffs' original motion for alternative service, (Doc. No. 85), and the original Declaration of Perry S. Clegg, ("Clegg Decl.," Doc. No. 84-1). Plaintiffs now seek leave to serve Mr. Wong by email only. (Mot., Doc. No. 92.)

As set forth in the original motion and supporting declaration, Plaintiffs believe Mr. Wong resides in China or Hong Kong. (Original Mot. 3, Doc. No. 85; Clegg Decl. ¶ 7, Doc. No. 84-1.) Despite information from another defendant, Canxin Lei, third-party discovery, and online searches, Plaintiffs have been unable to obtain a physical address for Mr. Wong. (Original Mot. 2–3, Doc. No. 85; Clegg Decl. ¶¶ 5–6, Doc. No. 84-1.) But Mr. Lei did provide Plaintiffs with an email address for Mr. Wong: wongkayee768@yahoo.com. (Clegg Decl. ¶ 9(b), Doc. No. 84-1.)

In their renewed motion, Plaintiffs indicate Mr. Lei provided a phone number for Mr. Wong in addition to the email address. (Mot. 3, Doc. No. 92.) Counsel for Plaintiffs called and spoke with Mr. Wong three times. (Mot. 3, Doc. No. 92; Clegg Supp. Decl. ¶¶ 4–7, Doc. No.

92-1.) Plaintiffs' counsel informed Mr. Wong that he received the number and email address from Mr. Lei, that Mr. Wong had been sued in federal court in Utah in the United States, and provided Mr. Wong with case identifying information. (Mot. 3, Doc. No. 92; Clegg Supp. Decl. ¶¶ 4-8.) Plaintiffs' counsel requested contact information by which he could send Mr. Wong a copy of the complaint and case documents. (Mot. 3, Doc. No. 92; Clegg Supp. Decl. ¶ 8, Doc. No. 94-1.) Mr. Wong refused to provide additional contact information but asked Plaintiffs' counsel to send the complaint and case documents to him at wongkayee768@yahoo.com, the email address provided by Mr. Lei. (Mot. 3–4, Doc. No. 92; Clegg Supp. Decl. ¶ 9, Doc. No. 92-1.) Plaintiffs' counsel believes the email address is active, because he sent a test email to this email address and did not receive a notice that the email was undeliverable.[1] (Mot. 4, Doc. No. 92; Clegg Supp. Decl. ¶¶ 10, Doc. No. 92-1.)

## LEGAL STANDARD

Rule 4(f) of the Federal Rules of Civil Procedure governs service of an individual outside the United States. This rule permits such individuals to be served:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . ; or
>
> (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f). Courts interpreting Rule 4(f) have concluded it does not create a hierarchy of preferred methods of service, and parties are not required to comply with Rule 4(f)(1) or (2)

---

[1] Plaintiffs' counsel also suggested Mr. Wong could be served at two email address obtained from third-party discovery, which are associated with an Amazon account. This is unnecessary where Mr. Wong himself confirmed his email address as wongkayee768@yahoo.com.

before seeking service under Rule 4(f)(3). *See Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002); *The Neck Hammock, Inc. v. Danezen.com*, No. 2:20-cv-00287, 2020 U.S. Dist. LEXIS 202808, at *8 (D. Utah Oct. 29, 2020) (unpublished).

The relevant inquiry under Rule 4(f)(3) is whether the requested method of service is "prohibited" by international agreement, including the Hague Convention. *Compañía De Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1294 (10th Cir. 2020); *Rio Props., Inc.*, 284 F.3d at 1015 n.4; *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *9.

## ANALYSIS

Here, Plaintiffs request leave to complete service by email. The Hague Convention does not expressly prohibit service by email, and courts in this district and other jurisdictions have permitted service by email under Rule 4(f)(3). *See, e.g.*, *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12; *Williams-Sonoma Inc. v. Friendfinder, Inc.*, No. C 06-06572 JSW, 2007 U.S. Dist. LEXIS 31299, at *5–6 (N.D. Cal. April 17, 2007) (unpublished). Thus, the method of service requested by Plaintiffs is not prohibited by international agreement under Rule 4(f)(3).[2]

A method of service authorized under Rule 4(f)(3) must comport with constitutional notions of due process, meaning it must be "reasonably calculated to provide notice and an

---

[2] China has objected to Article 10 of the Hague Convention, which permits service "by postal channels, directly to persons abroad" only if the "State of destination does not object." 20 U.S.T. 361, art. 10(a); Hague Conference on Private International Law website, https://www.hcch.net/en/instruments/conventions/status table/notifications/?csid=393&disp=resdn (translation of China's declaration of opposition to Article 10). Courts are split as to whether a country's objection to Article 10(a) is an objection to service by email, but the majority have concluded it does not equate to an objection to email service. *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *10.)

4

opportunity to respond." *The Neck Hammock*, 2020 U.S. Dist. LEXIS 202808, at *11–12 (quoting *Rio Props., Inc.*, 284 F.3d at 1017). Service by email to Mr. Wong at the email provided by Mr. Lei and confirmed by Mr. Wong himself is reasonably calculated to provide Mr. Wong with notice of this action and an opportunity to respond. Accordingly, service via the requested method comports with due process as required under Rule 4(f)(3).

## CONCLUSION

For these reasons, the court GRANTS Plaintiffs' renewed motion for alternative service of process on Mr. Wong (Doc. No. 92) and ORDERS that Mr. Wong may be served as follows: by sending the summons, the operative complaint, and a copy of this order to Mr. Wong at the following email address three times per week for two consecutive weeks, not more often than once every other day (unless a written response is received from Mr. Wong acknowledging receipt of service): wongkayee768@yahoo.com.

Upon completion of these steps, Plaintiffs shall file proof of compliance with the court's order.

DATED this 19th day of August, 2021.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge