UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LOVE-LESS ASH COMPANY, INC.; and DUSTLESS DEPOT, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>ASIA PACIFIC CONSTRUCTION, LLC et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO QUASH SUBPOENA (DOC. NO. 182)**<br><br>Case No. 2:18-cv-00595<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

Defaulted defendant Kyle Cranfill (proceeding without an attorney) objects to a subpoena issued by Plaintiffs Love-Less Ash Company, Inc. and Dustless Depot, LLC to Tulane University, seeking documents from Mr. Cranfill's Tulane email account.[1] Mr. Cranfill's objection is construed as a motion to quash the subpoena. Plaintiffs filed a response, opposing the motion but agreeing to narrow the scope of the subpoena.[2] As explained below, Mr. Cranfill's motion to quash is denied, but the scope of the subpoena is narrowed as set forth below.

BACKGROUND

Plaintiffs brought this action against Mr. Cranfill and other defendants in 2018, asserting claims for copyright infringement, trademark infringement, patent infringement,

---

[1] (*See* Obj. to Subpoena ("Mot."), Doc. No. 182.)

[2] (Pls.' Resp. to Def. Kyle Cranfill's Mot. to Quash Subpoena to Tulane University ("Opp'n"), Doc. No. 187.)

1

unfair competition, and deceptive trade practices (among others).[3] Mr. Cranfill's default was entered in 2019.[4] The operative Third Amended Complaint was filed in 2021.[5]

After all defendants either defaulted or were voluntarily dismissed, Plaintiffs sought leave to conduct third-party discovery regarding "relationships between apparently related and commonly controlled defendants," "communications between such defendants," "damages and damages calculations," and "the transfer of funds between various defaulted defendants."[6] The court granted the motion.[7] Plaintiffs then issued several subpoenas, including a subpoena to Tulane seeking documents from Mr. Cranfill's Tulane email account.[8] When discovery closed on November 5, 2024, Plaintiffs filed a motion for default judgment[9] (which remains pending) and several motions to compel compliance with subpoenas[10] (which have since been resolved).

On December 14, 2024, Mr. Cranfill filed the instant objection, which is construed as a motion to quash the subpoena to Tulane.[11] Mr. Cranfill argues he was not served with the subpoena, and responsive documents would include attorney-client-privileged

---

[3] (*See* Compl., Doc. No. 2.)

[4] (*See* Order Granting in Part and Den. in Part Mots. for Entry of Default, Doc. No. 29.)

[5] (Third Am. Compl., Doc. No. 76.)

[6] (Ex Parte Mot. to Enter Modified Scheduling Order to Continue Disc. 3, Doc. No. 152.)

[7] (Order, Doc. No. 155.)

[8] (*See* Subpoena, Doc. No. 200-1 (redacted).)

[9] (Doc. No. 160.)

[10] (Doc. Nos. 159, 161, 166.)

[11] (Mot., Doc. No. 182.)

communications and private medical records.[12]  Mr. Cranfill contends that, at minimum, his communications with his former counsel and specified healthcare providers, health insurance companies, and pharmacies should be excluded.[13]  He also requests a "delay" to give him time to hire counsel.[14]

Plaintiffs responded on December 20, arguing Mr. Cranfill was not entitled to service of the subpoena because he was in default.[15]  Plaintiffs also indicate they have reached a stipulation with Tulane to exclude emails between Mr. Cranfill and his former counsel, and to narrow the list of search terms.[16]  Finally, Plaintiffs state they are willing to exclude communications with the healthcare providers, insurance companies, and pharmacies Mr. Cranfill identified in his objection.[17]

On January 10, 2025, Mr. Cranfill sent an email to chambers asking the court to "hold off" until he could hire counsel and stating he had contacted several law firms.[18]  Plaintiffs filed a response to this email on January 22.[19]  No counsel has appeared on Mr. Cranfill's behalf, and Mr. Cranfill has not filed any other documents.

---

[12] (*See id.* at 1–3.)

[13] (*Id.* at 2.)

[14] (*Id.* at 1.)

[15] (Opp'n 2–3, Doc. No. 187.)

[16] (*Id.* at 3–4; *see also* Ex. A to Opp'n, Doc. No. 187-1 (narrowed list of search terms).)

[17] (Opp'n 4, Doc. No. 187.)

[18] (*See* Email Correspondence, Doc. No. 194.)

[19] (Doc. No. 198.)

## LEGAL STANDARDS

Because Mr. Cranfill proceeds without an attorney (pro se), his filings are liberally construed and held "to a less stringent standard than formal pleadings drafted by lawyers."[20] Still, pro se parties must follow the same rules of procedure that govern other litigants.[21]

Rule 45 of the Federal Rules of Civil Procedure establishes the standards for quashing subpoenas. The court must quash or modify a subpoena which "fails to allow a reasonable time to comply"; "requires a person to comply beyond the geographical limits specified in Rule 45(c)"; "requires disclosure of privileged or other protected matter, if no exception or waiver applies"; or "subjects a person to undue burden."[22] Additionally, subpoenas must fall within the scope of discovery under Rule 26(b).[23] Under Rule 26(b), discovery must be "relevant to any party's claim or defense and proportional to the needs of the case."[24]

---

[20] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[21] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[22] Fed. R. Civ. P. 45(d)(3)(A).

[23] *See Consumer Fin. Prot. Bureau v. Integrity Advance, LLC*, No. 21-mc-206, 2022 U.S. Dist. LEXIS 126523, at *18 (D. Kan. July 15, 2022) (unpublished) ("[W]hile Rule 45 does not include relevance as an enumerated reason for quashing a subpoena[,] [i]t is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b)." (second and third alterations in original) (internal quotation marks omitted)).

[24] Fed. R. Civ. P. 26(b)(1).

Generally, "[a] motion to quash a subpoena may only be made by the party to whom the subpoena is directed."[25] "[A] party does not have standing to object to a subpoena issued to a third party, unless the party challenging the subpoena has a personal right or privilege with respect to the subject matter sought by the subpoena."[26]

ANALYSIS

Given Plaintiffs' agreement to narrow the scope of the subpoena, Mr. Cranfill fails to demonstrate grounds to quash the subpoena to Tulane. Each of Mr. Cranfill's objections is addressed in turn.

First, Mr. Cranfill's request for more time to hire counsel is denied. Mr. Cranfill filed his objection more than two months ago, and he emailed the court stating he had contacted law firms regarding representation more than six weeks ago. Mr. Cranfill has had ample time to hire counsel. No further delay is warranted at this stage, particularly where this case has been pending for more than six years.

Second, as a defaulted party, Mr. Cranfill was not entitled to service of the subpoena. Ordinarily, a party issuing a subpoena for production of documents must serve notice and a copy of the subpoena on other parties.[27] But "[n]o service is required on a party who is in default for failing to appear."[28] Mr. Cranfill is in default for

---

[25] *Zoobuh, Inc. v. Rainbow Int'l Corp.*, No. 2:14-cv-00477, 2015 U.S. Dist. LEXIS 59349, at *5 (D. Utah May 5, 2015) (unpublished) (internal quotation marks omitted).

[26] *Johnson v. USANA Health Scis.*, No. 2:17-cv-00652, 2019 U.S. Dist. LEXIS 198814, at *6 (D. Utah Nov. 15, 2019) (unpublished) (citation omitted).

[27] *See* Fed. R. Civ. P. 45(a)(4).

[28] Fed. R. Civ. P. 5(a)(2); *see also* Fed. R. Civ. P. 5(a)(1)(C), (E) (providing this rule applies to discovery papers and written notices); *Heaggins v. Thomas*, No. CV419-024,

failing to appear;[29] therefore, Plaintiffs were not required to serve him with notice or a copy of the subpoena.[30]

Next, Mr. Cranfill's objections regarding attorney-client privileged communications and private medical records are adequately addressed by Plaintiffs' agreement to narrow the scope of the subpoena. Plaintiffs have agreed to exclude communications between Mr. Cranfill and his former counsel (Choi Capital Law), as well as communications with the healthcare providers, health insurance companies, and pharmacies Mr. Cranfill identified in his objection.[31] Plaintiffs have also agreed to a narrowed list of search terms, which appear tailored to the subject matter of this case.[32] As narrowed, the subpoena is relevant and proportional to the needs of the case, and it does not require disclosure of privileged or other protected matter.[33]

Mr. Cranfill also checked a box on the objection form indicating the subpoena did not allow a reasonable time to comply.[34] But the subpoena is directed to Tulane, not Mr. Cranfill, and Tulane has not objected to the compliance deadline. Where Mr. Cranfill is not the recipient, he lacks standing to argue the subpoena gives inadequate

---

2021 U.S. Dist. LEXIS 226813, at *11 n.5 (S.D. Ga. Nov. 22, 2021) (unpublished) (noting a defaulted party is not entitled to notice of a subpoena under Rule 45).

[29] (*See* Doc. No. 29.)

[30] Although not required, Plaintiffs represent they emailed a copy of the subpoena to Mr. Cranfill after it was served on Tulane. (*See* Opp'n 3, Doc. No. 187.)

[31] (*See id.* at 3–5.)

[32] (*See* Ex. A to Opp'n, Doc. Nos. 187-1 (redacted), 189 (sealed).)

[33] *See* Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 45(d)(3)(iii).

[34] (*See* Mot. 1, Doc. No. 182.)

time to comply.[35] In any event, Plaintiffs represent that Tulane has already compiled responsive documents and is prepared to comply when Mr. Cranfill's motion is resolved.[36]

## CONCLUSION

Mr. Cranfill's motion[37] to quash the subpoena to Tulane University is denied. The scope of the subpoena is narrowed as follows:

1. The search terms are limited to those set forth in Exhibit A to Plaintiffs' response.[38]

2. Communications between Mr. Cranfill and the following entities shall be excluded: Choi Capital Law; VA.gov; UHC; UHCSA; United Healthcare; Ochsner; CVS; and Walgreens.

DATED this 27th day of February, 2025.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[35] *See United States v. Cordes*, No. 15-cv-10040, 2016 U.S. Dist. LEXIS 37528, at *12 (E.D. Mich. Mar. 23, 2016) (unpublished) (finding a defendant who was not the subpoena recipient lacked standing to argue the subpoena failed to allow a reasonable time to comply); *cf. Howard v. Segway, Inc.*, No. 11-cv-688, 2012 U.S. Dist. LEXIS 99431, at *5 (N.D. Okla. July 18, 2012) (unpublished) ("Even where a party has standing to quash a subpoena based on privilege or a personal right, it still lacks standing to object on the basis of undue burden.").

[36] (*See* Opp'n 5, Doc. No. 187.)

[37] (Doc. No. 182.)

[38] (Doc. Nos. 187-1 (redacted), 189 (sealed).)